Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 29, 2010, which, in an action for personal injuries sustained when plaintiff slipped and fell as he ascended the interior stairs of defendants’ building, granted defendants’ motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.
Although defendants, the owner and manager of the building, established prima facie their entitlement to judgment with evi *556 dence, including portions of plaintiffs deposition testimony in which he seemed unable to identify the cause of his fall (see Reed v Piran Realty Corp., 30 AD3d 319, 320 [2006], lv denied 8 NY3d 801 [2007]), plaintiff raised triable issues of fact in opposition to the motion. The affidavit by an expert engineer who inspected the subject stairs and found a variety of defects and building code violations, particularly at the top tread of the step before the landing, when read in combination with plaintiffs testimony stating, through an interpreter, that “the staircase was bad” and identifying on a photograph the spot where he slipped as the top step of that stairway, was sufficient to raise triable issues as to whether defective conditions at the identified location caused plaintiff to fall (see Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [2010]).
The facts here are comparable to those in Babich (supra) where the plaintiff was able to testify only that her foot slipped on the top step of a restaurant stairway, but her expert, on examining the stairs, asserted that a slippery condition had been created where the non-slip finish on the nosing was worn off. This Court held that the combination of the plaintiffs deposition and the expert’s affidavit “provided sufficient circumstantial evidence to raise an issue of fact as to whether her fall was caused by the allegedly defective condition” (75 AD3d at 440). The same reasoning applies here. Plaintiff explained that he did not look, after he fell, to determine what had caused his fall, because he was in too much pain and he lost consciousness; however, it is enough to avoid summary judgment that he was able to identify the site of his fall, and his expert was subsequently able to identify defective conditions at that spot.
References to alcohol and cocaine in the ambulance report and emergency room records have no place in this analysis of whether defendants are entitled to summary judgment; even assuming that those materials were admissible, at best they amount to evidence of a competing cause of plaintiffs fall. Nor should our analysis be affected by the observation of the motion court that the photograph of the top step showed only ordinary wear and tear; an expert asserted that defective conditions existed at the top step on which plaintiff fell, which permits a finding that it was a defective condition — not merely a superficially worn tread — that caused plaintiffs fall.
Summary judgment is not warranted based on any perceived deficiency in the expert’s affidavit. His failure to identify the specific building code provisions that were allegedly violated does not preclude consideration of his submission. The affidavit specified the measurements that he took, the problems he *557 observed, and the nature of the violations and defective conditions he claimed, and that is all that is needed to oppose summary judgment. In Cintron v New York City Tr. Auth. (77 AD3d 410 [2010]), cited by the dissent for the proposition that the expert affidavit is deficient, the plaintiffs had failed to timely inform the defendants of the specific nature of the defect as well as the specific provisions of the code they sought to rely on. The grant of summary judgment was not based on the expert’s failure to cite provisions by number when discussing their alleged violation.
The dissent cites Kane v Estia Greek Rest. (4 AD3d 189 [2004]) for the proposition that it is speculative to attribute the cause of plaintiffs accident to the claimed defective condition. However, in that case, the plaintiff was unable to identify the spot at which he slipped. While his expert reported the presence of defective conditions on the restaurant stairs, summary judgment was granted to the restaurant because the plaintiff “did not remember or know why he fell, if indeed he fell on the staircase itself; he only knew that he was found at the bottom of the staircase” (4 AD3d at 190).
That is not the case here. The question of whether plaintiffs fall was caused by any allegedly defective condition present at the spot at which he fell is appropriately left for the trier of fact. Concur — Saxe, Acosta, Freedman and Richter, JJ.